IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:17-CV-3318-C-BH |
| | § | |
| PACIFIC STANDARD HOLDINGS, | § | |
| CARTER LAND TRUST, ROBERT | § | |
| PERRY II and MARY JILL BAKER | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **REMANDED** to the 44th Judicial District Court of Dallas County, Texas.

### I. BACKGROUND

CitiMortgage, Inc. (Plaintiff) filed this action against Pacific Standard Holdings, Carter Land Trust, Robert Perry II, and Mary Jill Baker (collectively Defendants) in Cause No. DC-17-14324 in the 44th Judicial District Court of Dallas County on December 7, 2017.[2] (*See* doc. 3 at 1.)[3] Plaintiff acquired a loan agreement secured by the real property located at 7310 Waterbury Drive, Rowlett, Texas 75089 (Property). (*Id.* at 6.)This loan agreement was initially executed on March 6, 2008, by persons not associated with this suit. (*Id.*) On October 8, 2013, the Rowlett-Lakewood

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Although the notice of removal states that the case was filed in the 48th Judicial District Court of Dallas County, (doc. 3 at 1), that court is actually in Tarrant County, Texas. As reflected in the *Supplemental Civil Cover Sheet for Cases Removed from State Court*, (doc. 3 at 13), the case was actually filed in the 44th Judicial District Court, which is in Dallas County.

[3] Citations to the record refer to the CM/ECF system page number at the tope of each page rather than the page numbers at the bottom of each filing.

Pointe Homeowners Association (the HOA) placed an assessment lien on the Property. (*Id.* at 8.) It foreclosed on the assessment lien on November 4, 2014, and the Property was sold to 7310 Waterbury Landtrust. (*Id.*) Eventually, 7310 Waterbury Landtrust conveyed 10 percent (10%) of the Property to Pacific Standard Holdings and the remaining ninety percent (90%) to Carter Land Trust. (*Id.*) Plaintiff further alleged that, in 2016, Carter Land Trust conveyed to both Robert Perry II and Mary Jill Baker ten percent (10%) of the Property each. (*Id.*) Plaintiff seeks a declaratory judgment that states its lien is superior to the HOA assessment lien, and that the HOA foreclosure of the assessment lien, and subsequent deed, remains subordinate to Plaintiff's lien. (*Id.* at 9-10.)

The same day the case was filed, an unknown individual acting on behalf of Carter Land Trust removed this action to federal court on the basis of diversity jurisdiction. (*See id.* at 5-6.) By order dated December 8, 2017, the individual was advised that he could not represent Defendant Carter Land Trust, an artificial entity, in this action. (*See* doc. 5.) In response, an unidentified party filed a motion to extend time to hire legal representation on December 22, 2017. (doc. 6.) The motion was stricken by the court that same day for failure to satisfy the requirement of Rule 11(a), since the identity of the person signing the motion was not apparent, and it was unclear whether counsel had entered an appearance on behalf of Carter Land Trust. (*See* doc. 7.) The party was also notified that the removing party had failed to comply with the requirements of 28 U.S.C. § 1446 and Local Civil Rule 81.1 of the Local Rules for the Northern District of Texas. (*See* doc. 8.)

On April 9, 2018, the parties were ordered submit a proposed scheduling order. (doc. 9.) Plaintiff's proposed scheduling order, filed on August 6, 2018, contended that the individual who purported to represent defendant Carter Land Trust is Mr. Ira Davis. (*See* doc. 10.) It attached court opinions showing that Davis was enjoined from filing any pleadings in the United States District

Court for the Eastern District of Texas, as well as any court within Tarrant County, without prior approval. (*See* doc. 10, Exhibits A-B.)  A status conference was scheduled for August 17, 2018. (doc. 11.)  No one appeared for the conference on behalf of any defendant or otherwise contacted the court.  (doc. 12.)  At the hearing, counsel for the plaintiff stated that both of the individual defendants had told her that they were unaware of any transfer of an interest in the Property to them, and that they did not authorize anyone to represent them in this action.  Counsel contended that the case was improperly removed and should be remanded.

More than fourteen days since the date of the December 22, 2017 order have passed, no amended notice of removal has been filed, and no counsel has entered an appearance on behalf of Carter Land Trust.

## II. JURISDICTION

The notice of removal asserts that federal jurisdiction exists based on diversity of citizenship. (*See* doc. 3 at 2.)

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Courts have "a continuing

3

obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a).

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)).

Here, the notice of removal does not "distinctly and affirmatively" allege the citizenship of each of the four defendants. Moreover, the notice does not allege the citizenship of the members of either of the defendants which are non-corporate artificial entities. *See SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros.*, 881 F.3d 933, 940 (5th Cir. 2018) (diversity jurisdiction in a suit against a non-corporate artificial entity depends on the citizenship of all its members) (citing

4

*Americold Realty Trust v. Conagra Foods, Inc.*, ⎯⎯ U.S. ⎯⎯, 136 S.Ct. 1012 (2016)). The removing party has not met its burden to show diversity of citizenship.

### III. INVOLUNTARY REMAND OF TRUST'S CLAIMS

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. It is well-established that although individual defendants have the right to represent themselves or proceed *pro se* under this statute, corporations are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing *Rowland* and *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53, 54-56 (5th Cir. 1982). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan*, 736 F.2d at 1005. Consequently, the rationale for this long-standing rule also extends to trusts. *U.S. v. Dolenz*, 3:09-CV-13110-O, 2010 WL 428910 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorneys for the Northern District of Texas*, No. 3-03-CV-2658-D, 2004 WL 937170 at *1 (N.D. Tex. Apr. 29, 2004) (collecting cases); *see also Dillard Family Trust v. Chase Home Finance, LLC*, 3:11-CV-1740-L, 2011 WL 6747416 at *5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("a non-attorney trustee may not represent a trust *pro se*.").

By order dated December 8, 2017, the individual purporting to remove this case on behalf of the defendant trust was specifically advised that because he does not appear to be licensed to practice law, he may not represent the trust in this action without legal representation. (*See* doc. 5.)

He was also advised that he must retain counsel to represent the trust, and that if counsel had not entered an appearance on behalf of the trust within fourteen days, the court would recommend the case be remanded. (*See id.*) Because no attorney has entered an appearance on behalf of the corporate defendant in this case, it has failed to make an appearance in or otherwise defend this action. Because an individual who is not an attorney may not represent the trust in this removed action, and no other defendant has appeared, the case should be remanded.

## IV. RECOMMENDATION

The Court should **sua sponte REMAND** this case to the 44th Judicial District Court of Dallas County, Texas.

**SO RECOMMENDED on this 4th day of October, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE